**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**ROBERT L. BROOKS, II et al.**                                                                        **PLAINTIFFS**

**v.**                                                                           **CIVIL ACTION NO. 3:12CV-P446-S**

**OFFICER DANIELS et al.**                                                                         **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiffs, Robert L. Brooks, II and Joseph Greer, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983.[1] This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiffs are pretrial detainees at the Louisville Metro Jail. They sue Louisville Metro Jail Officers Daniels, Shirely, James and Stingle in their individual and official capacities. They allege that on July 21, 2012, they were served dinner but that some of the trays did not have forks. The officers said that they would get forks, but after they were gone for 10 to 20 minutes other officers (Daniels and Stingle) came by and were told about the fork situation. Plaintiffs allege that Defendant Daniels said to tear the corner of a tray and eat with that. This suggestion apparently resulted in Defendant Daniels having "a few words with a inmate" and then Defendant Daniels put them on lockdown, during which time Defendant Shirely threw away the inmates' trays. After an hour in lockdown, Defendant Daniels let them out.

Plaintiffs further allege that some cells have working smoke alarms and some do not;

---

[1] The complaint also was signed by and listed as Plaintiff, Michael York. Plaintiff York has been dismissed from this action.

some cells have hot water and some do not; and some cells have spiders.  The complaint states, "I have told sgts. of some of the problems but they seem not to care."  Plaintiffs ask for punitive relief.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### *Claim relating to missed meal*

The due-process rights under the Fourteenth Amendment of pretrial detainees, like Plaintiffs, are analogous to the Eighth Amendment rights of convicted prisoners.  *Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir. 1992).  The Eighth Amendment protects prisoners

by requiring that prison officials "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  An Eighth Amendment claim has both an objective and subjective component:  (1) a sufficiently grave deprivation of a basic human need; and (2) a sufficiently culpable state of mind.  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  A prison's conditions of confinement are sufficiently grave if they fall beneath "the minimal civilized measure of life's necessities" as measured by a "contemporary standard of decency."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Isolated deprivations of meals to prisoners do not rise to the level of an Eighth Amendment violation where the daily meal or meals provided are sufficient to maintain normal health.  *See Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (per curiam) (holding that one meal per day, over fifteen days, that provided sufficient nutrition to sustain normal health did not violate the Eighth Amendment); *Waring v. Meachum*, 175 F. Supp. 2d 230, 240-41 (D. Conn. 2001) (finding no Eighth Amendment claim where inmate missed two meals and there was no indication that future meals were missed); *Cagle v. Perry*, No. 9:04-CV-1151, 2007 WL 3124806, at *14 (N.D.N.Y. Oct. 24, 2007) (finding deprivation of two meals is "not sufficiently numerous, prolonged or severe to rise to the level of an Eighth Amendment violation").  Here, Plaintiffs have alleged only that they missed one meal.  Plaintiffs have failed to state a claim under the Fourteenth Amendment.

### *Claim relating to hot water*

The lack of hot water in some cells does not rise to the level of a constitutional violation. *See Starnes v. Green Cnty. Sheriff's Dep't*, No. 2:08-cv-244, 2010 WL 2165368, at *4 (E.D. Tenn. May 26, 2010) ("At most, the lack of hot water was a temporary inconvenience and is not

something which society is unwilling to tolerate. After all, society does tolerate this condition since, even in the free world, hot water interruptions occur—hot water heaters fail, pipes burst, and plumbers may not be readily known or available."). Plaintiffs have failed to state a claim regarding lack of hot water.

*Claim regarding smoke alarm*

With regard to their claim about working smoke alarms, Plaintiffs simply allege that some cells have working smoke alarms and some do not. "The Eighth Amendment requires that prison officials provide adequate fire safety to inmates." *Johnson v. Tex. Bd. of Criminal Justice*, 281 F. App'x 319, 321 (5th Cir. 2008) (per curiam). However, "[w]hile fire and electrical codes can be helpful in determining whether a lack of fire safety can constitute a violation of the Eighth Amendment, they are not determinative, and the Eighth Amendment does not require that prisons meet fire and electrical codes." *Id.* at 322. "[N]ot every deviation from ideally safe conditions constitutes a violation of the constitution." *Hunnewell v. Warden, Me. State Prison*, No. 93-1917, 1994 WL 52643, at *4 (1st Cir. Feb. 23, 1994) (per curiam). Moreover, Plaintiffs' complaint in this regard is entirely conclusory and fails to state a claim under § 1983. *Id.* (plaintiff's conclusory statement that his cell was unsafe due to fire hazards fails to state a claim where he does not address the existence of fire detectors, fire extinguishers, or an evacuation plan). Plaintiffs have failed to state a claim regarding smoke alarms.

*Claim regarding spiders*

Finally, with regard to their claim about spiders in some of the cells, Plaintiffs do not allege any injury to themselves, nor do they allege that the spiders should be considered a dangerous condition, such as that they are poisonous. While unpleasant, the alleged conditions

of having insects in a cell is not below the constitutional standard of "the minimal civilized measures of life's necessities." *See Rhodes*, 452 U.S. at 347; *see also Sanders v. Smith*, No. 92-6351, 1993 WL 94077, at *1 (6th Cir. 1993) (prisoner's six-day stay in a segregation cell that did not have hot water or adequate ventilation and was infested with roaches did not violate the Eighth Amendment); *Brown v. Withrow*, No. 92-1765, 1993 WL 15141, at *1 (6th Cir. Jan. 22, 1993) (prisoner's four-day stay in a detention cell that did not have adequate bedding or hot water and was infested with rats, roaches and ants did not violate the Eighth Amendment); *Newsom v. Hall*, No. 3:12-cv-811, 2012 WL 3579547, at *3 (M.D. Tenn. Aug. 17, 2012) ("The Court therefore finds that his allegations regarding the insect in his food and the sight of insects in the dining room do not rise to the level of a constitutional violation."); *Wilson v. Schomig*, 863 F. Supp. 789, 794-95 (N.D. Ill. 1994) (allegations that the plaintiff's "cell contained dirt, dust and roaches, and that his ceiling leaked during rainstorms" are "not sufficiently serious" to violate the Eighth Amendment).  Consequently, Plaintiffs have not stated a claim related to the alleged presence of spiders in some of the cells.

### III. CONCLUSION

For the foregoing reasons, the Court will by separate Order dismiss the instant action.

Date: November 16, 2012

                                             Charles R. Simpson III, Judge
                                             United States District Court

cc:     Plaintiffs, *pro se*
        Defendants
        Jefferson County Attorney
4411.009